IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GUY TRIPLETT and CASEY TRIPLETT                                    PLAINTIFFS

V.                                    4:19CV00686 JM

A&R MOBILE HOME SUPPLY AND SERVICE, INC.,
JAN McGOUGH and RUSSELL McGOUGH                              DEFENDANTS

## ORDER

Pending is the Joint Motion for Approval of Settlement and Dismissal.

A district court may only approve a settlement agreement and enter a judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties.[1] *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). A review of the Plaintiffs' complaint shows that there is a bona fide dispute as to the amount of wages paid to the Plaintiffs. In determining whether a settlement is fair and reasonable under the FLSA, the Court may consider factors including the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case. *Carrillo v. Dandan Inc.,*

---

[1] The Court notes that the law is unclear in the Eighth Circuit as to whether judicial approval of a proposed private release of FLSA claims is required in all cases before dismissal. *See Melgar v. OK Foods, et al,* 902 F.3d 775, 779 (8th Cir. 2018). While the Court could decline to review the proposed settlement and enter a general dismissal without prejudice, or direct the parties to simply stipulate to dismissal, doing so would leave the parties in an uncertain position. Therefore, the Court has reviewed the proposed settlement for fairness. *See Melgar v. OK Foods, et al,* Case No. 2:13CV02169, 2017 WL 10087890, *1 (W.D. Ark. Jan. 26, 2017); *King v. Raineri Construction, LLC*, Case No. 4:14-CV-1828 (CEJ), 2015 WL 631253, *1 (E.D. Mo. Feb. 12, 2015).

51 F. Supp. 3d 124, 132–33 (D.D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

On the merits, the parties' agreement is fair, reasonable and adequate. *In re Flight Transp. Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984). The Court takes no position on the reasonableness of the attorneys' fees in paragraph III(A)(3). The issue is not before the Court in this motion. The motion (ECF No. 24) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 13th day of April, 2021.

                                                                                   *[signature]*
James M. Moody Jr
United States District Judge